**Rong Yao YANG, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

No. 04–1681–AG.

United States Court of Appeals, Second Circuit.

Feb. 2, 2006.

Gary J. Yerman, New York, New York, for Petitioner.

Richard B. Roper, United States Attorney for the Northern District of Texas, Frank D. Able, Assistant United States Attorney, Dallas, Texas, for Respondent.

PRESENT: Hon. AMALYA L. KEARSE, Hon. SONIA SOTOMAYOR, and Hon. B.D. PARKER, Circuit Judges.

**SUMMARY ORDER**

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review of a decision of the Board of Immigration Appeals ("BIA") is DENIED.

Rong Yao Yang petitions for review of the BIA's March 11, 2004 decision affirming an immigration judge's ("IJ's") December 6, 2002 decision denying Yang's application for asylum and withholding of removal based on Yang's claim that he had been and would be persecuted in Chi-

na for selling Falun Gong books. We presume the parties' familiarity with the underlying facts and procedural history of this matter.

This Court reviews the IJ's decision where, as here, the BIA summarily affirms or adopts the IJ's decision without opinion. *See Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, overturning the factual finding only if any reasonable adjudicator would be compelled to conclude to the contrary. *See* 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 (2d Cir.2004). An adverse credibility determination by the agency must be based on "specific, cogent reasons" that "bear a legitimate nexus" to the finding. *Id.* at 74 (quoting *Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir. 2003) (internal quotation marks omitted)). Although minor and isolated inconsistencies "need not be fatal to credibility," *Diallo v. INS,* 232 F.3d 279, 288 (2d Cir.2000), a reasonable adjudicator would not be compelled to find otherwise where an adverse credibility determination is based on inconsistent statements about material matters, *see Zhou Yun Zhang,* 386 F.3d at 74.

The IJ's adverse credibility determination in this matter was supported by substantial evidence. In making her determination, the IJ relied principally on an inconsistency between Yang's statements at his airport interview that, during his second detention for selling Falun Gong books, officials "just cursed" at him and his testimony that during his second detention he had become sick because he had been stripped naked in front of an open window in December. Yang during his airport interview had described in detail the persecution he allegedly suffered during his first detention. The IJ was not compelled to accept Yang's explanation that he had simply forgotten to mention the details of his second detention. Because the inconsistency relied upon by the IJ involved a matter central to Yang's claim, this inconsistency was sufficient to sustain the IJ's adverse credibility finding. *See Secaida–Rosales,* 331 F.3d at 307.

Because Yang did not exhaust his CAT claim before the BIA, this Court does not have jurisdiction to review that claim. *Gill v. INS,* 420 F.3d 82, 86 (2d Cir.2005). Even if the Court had jurisdiction, Yang waived that claim by failing to raise it in his brief here. *Yueqing Zhang v. Gonzales,* 426 F.3d 540, 545 n. 7 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED and the pending motion for a stay pending appeal is DENIED.